| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>1st JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>17-B-5179-GC |
|---|---|---|

**Court address**
106 E 1st St, Monroe, MI 48161

**Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Mary Greiner<br>c/o CREDIT REPAIR LAWYERS OF AMERICA<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | v | Equifax Information Services, LLC<br>RA: CSC Lawyers Incorporating Service Company<br>601 Abbott Road<br>East Lansing, MI 48823 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Gary D. Nitzkin P41155<br>CREDIT REPAIR LAWYERS OF AMERICA<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | | Mid America Bank & Trust Company<br>Division of Finance<br>216 West Second Street<br>Dixon, MO 65459 |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>10-4-17 | This summons expires<br>1-3-18 | Court clerk<br>MICHELLE M. MARCERO |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>17-B-4687-GC | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Monroe, MI | Defendant(s) residence (include city, township, or village)<br>East Lansing, MI and Dixon, MO |
|---|---|
| Place where action arose or business conducted<br>Monroe, MI | |

09/29/2017
Date

Signature of attorney/plaintiff (w/permission)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.1...

**EXHIBIT A**

STATE OF MICHIGAN
IN THE 1st DISTRICT COURT

MARY GREINER,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a foreign limited liability company and
MID AMERICA BANK & TRUST COMPANY,
a banking association,
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, MARY GREINER, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN,** and for her Complaint against the Defendants, pleads as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Monroe, Monroe County, Michigan.

2. Venue is proper in 1st District Court in Monroe County, Michigan as the actions and occurrences recited herein occurred in Monroe, in Monroe County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. Plaintiff is a natural person residing in Monroe, Monroe County, Michigan.
5. The Defendants to this lawsuit are:
   a. Equifax Information Services, LLC ("Equifax"), which is a foreign limited liability company that maintains a registered agent in Ingham County, Michigan; and
   b. Mid America Bank & Trust Company ("Mid America"), which is a banking association that maintains its offices in Dixon, Missouri.

## GENERAL ALLEGATIONS

6. Mid America is reporting an erroneous trade line on Plaintiff's Equifax credit file ("Errant Trade Line"). The Errant Trade Line does not belong to Ms. Greiner as her credit files have been mismerged with someone with a similar name or SSN.
7. On June 30, 2017, Ms. Greiner obtained her credit files and noticed Mid America reporting the Errant Trade Line.
8. On or about August 1, 2017, Ms. Greiner submitted a letter to Equifax disputing the Errant Trade Line. Ms. Greiner also disputed several names and addresses that did not belong to her. Ms. Greiner asked Equifax to remove the Errant Trade Line from her credit files.
9. Upon information and belief, Equifax forwarded Ms. Greiner's consumer dispute to Mid America.

2

10. Ms. Greiner did not receive Equifax's dispute results, so on September 26, 2017, she obtained her credit report which showed that Mid America continued to report the Errant Trade Line.

11. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

**COUNT I**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY MID AMERICA**

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. After being informed by Equifax of Ms. Greiner's consumer dispute regarding the Errant Trade Line, Mid America negligently failed to conduct a proper investigation of Ms. Greiner's dispute as required by 15 USC 1681s-2(b), and failed to direct Equifax to remove the Errant Trade Line from Ms. Greiner's credit file.

14. Mid America negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).

15. The Errant Trade Line is inaccurate and creates a misleading impression on Ms. Greiner's consumer credit file with Equifax to which it is reporting such trade line.

3

16. As a direct and proximate cause of Mid America's negligent failure to perform its duties under the FCRA, Ms. Greiner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

17. Mid America is liable to Ms. Greiner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Ms. Greiner has a private right of action to assert claims against Mid America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Mid America for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MID AMERICA

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax that Ms. Greiner disputed the accuracy of the information it was providing, Mid America willfully failed to conduct a proper reinvestigation of Ms. Greiner's dispute, and failed to direct Equifax to the Errant Trade Line from Ms. Greiner's credit file.

21. Mid America willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

4

22. As a direct and proximate cause of Mid America's willful failure to perform its respective duties under the FCRA, Ms. Greiner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

23. Mid America is liable to Ms. Greiner for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Mid America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EQUIFAX

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Greiner as that term is defined in 15 USC 1681a.

26. Such reports contained information about Ms. Greiner that was false, misleading and inaccurate.

5

27. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Greiner, in violation of 15 USC 1681e(b).

28. After receiving Ms. Greiner's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Greiner has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

30. Equifax is liable to Ms. Greiner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EQUIFAX

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Greiner as that term is defined in 15 USC 1681a.

6

33. Such reports contained information about Ms. Greiner that was false, misleading and inaccurate.

34. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Greiner, in violation of 15 USC 1681e(b).

35. After receiving Ms. Greiner's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Greiner has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

37. Equifax is liable to Ms. Greiner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

September 29, 2017

*/s/ Gary D. Nitzkin w/ permission*
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com



**NITZKIN & ASSOCIATES**
22142 W 9 MILE ROAD
SOUTHFIELD, MICHIGAN 48033

CERTIFIED MAIL™

7012 1640 0000 0674 2037

Equifax Information Services, LLC
RA: CSC Lawyers Incorporating
Service Company
601 Abbott Road
East Lansing, MI 48823