UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GREINER,

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC, ET AL.,

        Defendants.

_____/

Case No. 17-13712

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [17]**

On April 5, 2018, the Court granted Plaintiff Mary Greiner's Motion for Default Judgment [10] against Defendant Mid America Bank & Trust Company ("Mid America") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. The Court ordered Plaintiff to submit documentation to support her claim for statutory damages and attorneys' fees and costs.

On May 4, 2018, Plaintiff's counsel filed an invoice specifying attorneys' fees and costs but failed to submit documentation in support of damages. *See* [Dkt. #14].

Despite their noncompliance with the Court's Order [10], the Court gave counsel a second bite at the apple. On May 17, 2018, the Court issued an Order for Plaintiff to Show Cause why the Court Should not Award $100 in Damages [15], in

which it explained that, without argument or supplemental documentation concerning the amount of damages, it would be inclined to award the statutory minimum of $100. Counsel did not respond to the show cause order.

On August 15, 2018, the Court awarded Plaintiff damages in the amount of $100.

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs [17] filed on September 12, 2018. Despite relinquishing the opportunity to argue for damages in the amount of $1,000,[1] and ultimately receiving only $100 for their client, counsel now asks for $5,566.00.

Section 1681n of the FCRA authorizes the recovery of reasonable attorneys' fees and costs. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, known as the "lodestar." *Neme v. Monusko*, 145 F.3d 1332 (6th Cir. 1998). The Court may adjust the amount "'to reflect relevant considerations peculiar to the subject litigation.'" *Yeska v. Experian Info. Sols., Inc.*, No. 16-cv-12395, 2017 WL 2377225, at *2 (E.D. Mich. June 1, 2017) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). It is within

---

[1] Section 1681n provides for a maximum of $1,000 in statutory damages for willful noncompliance with the FCRA.

this Court's broad discretion to fashion the award it deems reasonable under the circumstances. *Haddad v. Charles Riley & Assocs., Inc.*, No. 09-cv-12597, 2011 WL 2581918, at \*2 (E.D. Mich. June 21, 2011) (internal citation omitted).

Because Plaintiff is a prevailing party under the FCRA, counsel are entitled to attorneys' fees. Moreover, their hourly rates of $350 and $375 are reasonable in light of the rates of other comparable attorneys in the area who provide similar services. *See Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). Additionally, the Court trusts that counsels' representation regarding the number of hours expended is accurate.

An award of $5,566.00, however, would be unreasonable in this case. Plaintiff retained counsel to serve as her advocate. She could have been entitled to $1,000 in damages. But because of counsels' failure to make any argument concerning damages—despite having had three opportunities to do so—Plaintiff was awarded only $100.

The Court, in its discretion, will award counsel 10% of the attorneys' fees requested. This reflects the damages award counsel obtained for their client, which was 10% of the $1,000 statutory maximum for which she was eligible. Such an adjustment is reasonable award given counsels' efforts. The Court excludes from this adjustment the $210.00 cost of the filing fee, which it will award in full.

Page **3** of **4**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs [17] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount of **$535.60** and costs in the amount of **$210.00**.

**IT IS FURTHERED ORDERED** that Plaintiff is awarded a total of **$745.60**.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: November 19, 2018                Senior United States District Judge